# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PAULA BOURNE, *et al.*, | Case No. 1:12-cv-935 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| PROVIDER SERVICES HOLDINGS, LLC, *et al.*, | |
| Defendants. | |

## ORDER CONDITIONALLY GRANTING PLAINTIFFS' MOTION TO FILE UNDER SEAL (Doc. 69)

This civil action is before the Court on Plaintiffs' motion for leave to file certain documents under seal. (Doc. 69).

## I. BACKGROUND

Plaintiffs commenced this civil action against Defendants, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). (Doc. 32 at ¶ 2). Plaintiffs alleged that Defendants had violated the False Claims Act by: (1) submitting "fraudulent claims for Medicare reimbursement to the United States"; and (2) retaliating against Plaintiffs. (*Id.* at ¶¶ 2–4).

On December 12, 2018, the Court entered the parties' Joint Stipulated Protective Order (the "Protective Order"). (Doc. 56). The Protective Order allows the parties to designate certain information exchanged in discovery as "Covered Information." (*Id.* at ¶ 1). And the Protective Order requires the parties to file Covered Information in compliance with Local Rule 5.2.1. (*Id.* at ¶ 5).

In relevant part, the Protective Order provides as follows:

> If a party files a document containing Covered Information with the Court, it shall do so in compliance with Local Rule 5.2.1 and the electronic case filing procedures for the United States District Court for the Southern District of Ohio. The filing of documents under seal shall be without prejudice to the Party's rights under Section 10 of this [Protective] Order.

(*Id.*)[1]

On October 29, 2019, the Court established a briefing schedule for the parties' dispositive motions. (Not. Order, Oct. 29, 2019). The briefing schedule provides that: summary judgment motions are due on or before November 8, 2019; responsive memoranda are due on or before December 20, 2019; and reply memoranda are due on or before January 10, 2020. (*Id.*)

On November 8, 2019, Defendants filed motions for summary judgment.[2] (Docs. 64, 66). Then, on December 20, 2019, Plaintiffs filed responsive memoranda.[3] (Docs. 70, 71). In connection with their responsive memoranda, Plaintiffs filed a motion for leave to file certain documents under seal (the "Motion to File Under Seal" or the "Motion"). (Doc. 69).

---

[1] Section 10, of the Protective Order, simply allows a party to challenge a document's designation. (Doc. 56 at ¶ 10).

[2] From here on out, unless otherwise noted, the term "Defendants" refers to Defendants ViaQuest, Inc., Tridia Hospice Care, Inc., Destiny Hospice, LLC, and Provider Services, Inc. a/k/a BCFL Holdings, Inc. n/k/a Foundations Health Solutions, Inc. (*See* Docs. 64, 66).

[3] Technically, Plaintiffs filed one of their responsive memoranda on December 21, 2019 at 12:35 a.m. (Doc. 71). However, the Court understands that Plaintiffs experienced "technical difficulties" with the electronic filing system. (Doc. 72 at 1). Accordingly, the Court **DEEMS** both of Plaintiffs' memoranda timely.

In relevant part, the Motion to File Under Seal provides as follows:

> Plaintiffs are presently preparing to file responses to Defendants' Motions for Summary Judgment in this matter. Certain evidence and deposition testimony cited by Plaintiffs in those responses have been designated "Covered Information" under the Protective Order. Pursuant to Paragraph 5 of the Protective Order, this Covered Information must be filed with this Court under seal.
>
> The Covered Information at issue purportedly includes information regarding certain nonparties' personnel records including compensation, bonus and disciplinary actions; non-public and proprietary business information; and non-public operational, financial and compliance information. Accordingly, Plaintiffs hereby request leave to file Covered Information under the Protective Order under seal.

(*Id.* at 1).

On January 8, 2020, Plaintiffs filed a notice with the Court, clarifying that they seek leave to file two documents under seal: Exhibits 34 and 44 to the Deposition of Paula Bourne (the "Relevant Documents"). (Doc. 74 at 1). Plaintiffs represent that "Defendants do not oppose this request." (*Id.*) The Motion to File Under Seal is now ripe for adjudication. (Doc. 69).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

3

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id*. However, "very different considerations apply" when these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305–06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v.*

4

> *Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Here, the Motion to File Under Seal falls short of the standards provided by the Sixth Circuit. The motion does not "analyze in detail" any document the parties seek to seal, does not provide legal citations supporting the requested seal, and does not show

5

that the requested seal is "narrowly tailored." (*See generally* Doc. 69). Instead, the Motion argues that sealing is proper, because: (1) the Relevant Documents were designated by the parties as Covered Information under the Protective Order; and (2) the Relevant Documents "purportedly include[] information regarding certain nonparties' personnel records." (*Id.* at 1).

As an initial mater, neither the Protective Order nor the parties' agreement obviates the Court of its duty to ensure that its records are open for public inspection. *See Rudd Equip.*, 834 F.3d at 595. Moreover, the Motion's generalized assertion that the Relevant Documents "purportedly include[]" confidential information fails to analyze the same in sufficient detail. *See Shane Grp.*, 825 F.3d at 305–06 (stating that the proponent of sealing must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations). Put simply, the Motion to File Under Seal fails to show that a compelling reason for sealing exists.

Nevertheless, the Court understands that the parties are on a tight schedule; Defendants must file replies in support of their motions to dismiss tomorrow. (Not. Order, Oct. 29, 2019). To that end, the Court will allow Plaintiffs to file the Relevant Documents under seal on the condition that the seal will expire 30 days from filing unless: (1) one, or both, of the parties successfully moves to seal the filing under the proper standard set forth by the Sixth Circuit Court of Appeals; or (2) one, or both, of the parties timely moves to extend the conditional period on the basis that a motion to seal is pending before the Court.

The Court finds this to be a sound approach which balances the public's interest in access to court records with the parties' interest in complying with the Court's briefing schedule. The public interest will not be harmed by documents having been sealed for a brief time while the Court considers the issue.

### IV.  CONCLUSION

Based upon the foregoing, the Motion to File Under Seal (Doc. 69) is **CONDITIONALLY GRANTED**.  Plaintiffs shall file the Relevant Documents under seal <u>by the end of the day</u>; however, the seal will expire 30 days from filing unless: (1) one, or both, of the parties successfully moves to seal the filing (or portions of the filing) under the standards set forth by the Sixth Circuit Court of Appeals; or (2) one, or both, of the parties timely moves to extend the conditional period on the basis that a motion to seal is pending before the Court.[4]

**IT IS SO ORDERED.**

Date:  1/9/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[4] One related issue warrants resolution.  On November 8, 2019, Defendants Tridia Hospice Care, Inc., Destiny Hospice, LLC, Atlas Healthcare Solutions, Inc., Provider Services Holdings, LLC, and Provider Services, Inc. a/k/a BCFL Holdings, Inc. n/k/a Foundations Health Solutions, Inc. submitted a motion for leave to file certain documents under seal.  (Doc. 65).  Then, on November 18, 2019, the same parties withdrew the same motion.  (Doc. 67).  In light of the foregoing, the Court **TERMINATES** the motion (Doc. 65) as moot.